STATE OF WEST VIRGINIA

*v.*

ORVILLE KEITH AYERS

(No. 14414)

Decided October 9, 1981.

*Lee H. Adler* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *S. Clark Woodroe,* Assistant Attorney General, for defendant in error.

NEELY, JUSTICE:

Appellant was convicted of delivery of a controlled substance. His indictment was roughly four months after the commission of the crime and appellant assigns as error pre-indictment and pre-trial delay. While pre-indictment and pre-trial delay can prejudice a defendant, there was no such prejudice in this case. Appellant requested an instruction which would have told the jury that appellant's inability to account for his activities on the night in question could be attributable to the four month hiatus. The court refused the instruction and in doing so did not abuse his discretion. Whether pre-indictment delay has caused actual prejudice requiring curative action is always an issue addressed to the sound discretion of the trial court.

The police undercover agent attempted to testify that after the drug buy he procured defendant's photograph to verify his identity. Appellant contends that this implied to the jury a previous criminal record. However, appellant then argues that the eye witness identification was weak. The immediate comparison of appellant's name and physical description with existing police files was crucial to verification of the undercover agent's identification. The court correctly admitted the agent's testimony about the comparison of his personal observation with the file photograph and correctly limited the scope of the testimony by refusing to allow discussion of the photograph's exact origin.

The court's instruction on alibi which indicated that the burden of establishing alibi was on the defendant, but that the burden was met if the alibi raised a reasonable doubt about the defendant's presence at the crime was correct. While the trial court did behave discourteously to counsel on occasion no prejudice resulted and the error was harmless.

Accordingly the judgment is affirmed.

*Affirmed.*