■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ALLYN, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered March 27, 1981, which revoked defendant's probation and imposed sentences of imprisonment. Defendant was previously convicted in 1979 upon his pleas of guilty to attempted burglary in the second degree and grand larceny in the second degree. He was placed on five years' probation on each crime. Thereafter, in 1981, following a hearing, he was found guilty of violation of the terms of his probation, which was revoked. The County Court then resentenced him to concurrent terms of imprisonment of from two and one-third to seven years on each prior conviction. This appeal ensued. Defendant first contends that his right to speedy arraignment under CPL 120.90 (subd 1) was violated in that a delay of three months and nine days elapsed between the time he was arrested on the violation of probation warrant and his arraignment thereon during which time he was incarcerated. Defendant apparently was arrested on the warrant on October 29, 1980 and arraigned thereon on February 6, 1981. However, we do not reach the merits of this question since defendant failed to preserve the issue for appellate review. At the violation of probation hearing defendant made no motion to dismiss the proceedings for failure to arraign him on the warrant without unreasonable delay. His counsel did mention the possibility that his right to a speedy arraignment was violated but stated he had not been able to determine "the exact amount of time that is required" to render the delay unreasonable. Yet, defendant made no request for a hearing to develop the issue. Moreover, it

appears that defendant was incarcerated on other pending charges at the time of his arrest for violation of probation. Under these circumstances, where the issue was not adequately raised and developed at a time when the People would have had an opportunity to counter defendant's assertions, he should not be heard to complain on appeal (*People v Tutt,* 38 NY2d 1011, 1013; *People v Raco,* 72 AD2d 857; *People v Congilaro,* 60 AD2d 442; see, also, *People v Primmer,* 46 NY2d 1048; *People v Adams,* 38 NY2d 605). Defendant's claim that his sentence was unduly harsh and excessive is rejected. This court will not disturb the sentence imposed by the sentencing court in the absence of unusual or extraordinary circumstances or an abuse of discretion (*People v Miller,* 74 AD2d 961). Accordingly, the judgment should be affirmed. Judgment affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.