301 S.E.2d 580

**STATE ex rel. Timothy L. BESS**

v.

**Hon. John HEY, Judge, etc., et al.**

**No. 15762.**

Supreme Court of Appeals of West Virginia.

March 25, 1983.

W. Ronald Denson, Charleston, for relator.

James E. Roark, Pros. Atty., Frances W. McCoy, Asst. Pros. Atty., Charleston, for respondents.

PER CURIAM:

Petitioner Timothy L. Bess, through his petition for a writ of prohibition, seeks to prohibit the State from prosecuting him on charges of unlawful possession and delivery of phenmetrazine and hydromorphone, both Schedule II controlled substances. *W.Va.Code,* 60A–4–401 (1971). Bess contends that the twenty-month delay between his arrest and indictment requires that the charges against him be dismissed. We disagree and deny the writ.

The record reflects the fact that a twenty-month delay has occurred between the time of Bess' arrest and the time of indictment. Bess cites *State ex rel. Leonard v. Hey,* W.Va., 269 S.E.2d 394 (1980) as controlling. In Syllabus point 2 of *Leonard* we held:

"The effects of less gross delays upon a defendant's due process rights must be determined by a trial court by weighing the reasons for delay against *the impact of the delay upon the defendant's ability to defend himself.*" (emphasis added)

We recently elaborated upon this issue in Syllabus point 1 of *State v. Richey*, 171 W.Va. 342, 298 S.E.2d 879 (1982).

"The general rule is that where there is a delay between the commission of the crime and the return of the indictment or the arrest of the defendant, the burden rests initially upon the defendant to demonstrate how such delay has prejudiced his case if such delay is not *prima facie* excessive." Syllabus point 1, *State v. Richey*, 171 W.Va. 342, 298 S.E.2d 879 (1982).

An examination of the record reveals that Bess did not sustain this burden. Although Bess moved to dismiss due to the twenty-month delay, he presented no evidence at the hearing held on his motion. The state noted, as one reason for the hiatus, the delay in the receipt of the chemical analysis of the substances in Bess' possession. The substances were submitted to the department of public safety laboratory for analysis in September of 1980 and the laboratory's report identifying the substances was received by the prosecutor's office in May of 1982, the same month Bess was indicted. There was absolutely no evidence presented to indicate that Bess suffered the slightest impairment in his ability to defend himself as a result of the delay. In the absence of any showing of prejudice, we find that the trial judge was correct in refusing to dismiss the charges against Bess.

Writ Denied.