301 S.E.2d 812

**STATE of West Virginia**

v.

**William M. SIMMONS.**

No. 15623.

Supreme Court of Appeals of West Virginia.

March 30, 1983.

---

Micheal L. Harper, Asst. Atty. Gen., Charleston, James F. Cain, Pros. Atty., Elkins, for appellee.

Gregory J. Campbell, Charleston, for appellant.

PER CURIAM:

William M. Simmons appeals from a final order of the Circuit Court of Randolph County which denied his motion for a new trial, following his conviction by a jury for possession of marijuana with intent to deliver. We conclude that the trial court should have excused a prospective juror who was the sister of a correctional officer, and reverse the circuit court.

During *voir dire* of the jury panel, juror Debra Johnson disclosed that her brother was a member of the K–9 Corps at Huttonsville Correctional Center. Defense counsel then requested a bench conference in which he informed the court that officers conducting a search of the appellant's residence had been assisted by other members of the Huttonsville K–9 Corps, and moved to strike Johnson for cause. The court denied the motion. The appellant contends that the court's failure to strike Johnson prejudiced him, because he was required to utilize one of his six peremptory strikes to eliminate her from the jury panel.

In *State v. West*, 157 W.Va. 209, 200 S.E.2d 859 (1973), we held that it is reversible error for a court to overrule a challenge for cause of a juror who is employed by a prosecutorial or law enforcement agency. In discussing this holding, we said:

"[W]hen the defendant can demonstrate even a tenuous relationship between a prospective juror and any prosecutorial or enforcement arm of State government, defendant's challenge for cause should be sustained by the court. A defendant is entitled to a panel of twenty jurors who are free from exception, and if proper objection is raised at the time of impaneling the jury, it is reversible error for the court to fail to discharge a juror who is obviously objectionable. In any case where the trial court is in doubt, the doubt must be resolved in favor of the

defendant's challenge, as jurors who have no relation whatsoever to the State are readily available." 157 W.Va. at 219, 200 S.E.2d at 866.

*See also State v. Dye*, 167 W.Va. 252, 280 S.E.2d 323 (1981). Relying upon the above-quoted language from *West*, we held in *State v. Pratt*, 161 W.Va. 530, 244 S.E.2d 227 (1978) that jurors who are related to, or close friends of, police officers are also objectionable. In syllabus point 3 of *Pratt, supra*, we said:

"Jurors who on *voir dire* of the panel indicate possible prejudice should be excused, or should be questioned individually either by the court or by counsel to precisely determine whether they entertain bias or prejudice for or against either party, requiring their excuse."

*See also* syl. pt. 3, *State v. Peacher*, 167 W.Va. 540, 280 S.E.2d 559 (1981); syl. pt. 4, *State v. Payne*, 167 W.Va. 252, 280 S.E.2d 72 (1981).

■ The State argues that the K–9 Corps is not a law enforcement agency, and that because Johnson's brother was not involved in this case in any way, she would have no interest in its outcome. It is undisputed, however, that the K–9 Corps did take an active role in the investigation of this case, assisting local law enforcement officers in the search of appellant's home for marijuana; further, one of the K–9 Corps members was a key witness at trial. We therefore hold that the trial court committed reversible error to appellant's prejudice when it overruled his challenge for cause to juror Debra Johnson.

■ The appellant assigns other errors, two of which we shall discuss briefly. First, he maintains that the trial court should have granted his motion to dismiss the indictment based on pre-indictment delay, in that he was not indicted or otherwise charged until some 17 months after the search and seizure of the marijuana upon which the indictment was based. The appellant alleged that he was prejudiced due to intentional delay by which the prosecution sought to gain tactical advantage over him. However, he made no attempt to show how he had, in fact, been prejudiced. Instead, he maintained below, and

argues before this Court, that he need merely allege prejudice, and that the State then has the burden of presenting evidence to show that the delay was reasonable. The appellant is wrong.

"The general rule is that where there is a delay between the commission of the crime and the return of the indictment or the arrest of the defendant, the burden rests initially upon the defendant to demonstrate how such delay has prejudiced his case if such delay is not *prima facie* excessive." Syl. pt. 1, *State v. Richey*, 171 W.Va. 342, 298 S.E.2d 879 (1982).

We conclude that the 17-month delay in this case was not *prima facie* excessive, and that the appellant has failed to demonstrate any facts which would show that he was prejudiced by the delay. Therefore, the trial court did not err in failing to dismiss the indictment on those grounds.

■ The appellant also objects to the denial of his motion to suppress the evidence seized during the search of his residence. He maintains that the search warrant was invalid, because a copy left at his residence was not dated; that the warrant was not based on probable cause because part of the information contained in the affidavit was misrepresented, and the remaining information was "stale" in that it related to a drug sale which had occurred some 33 days earlier; that the magistrate had no independent knowledge of the informant's reliability; and, that no independent evaluation of probable cause was made.

After a careful examination of the record, we conclude that the search of the appellant's residence was not improper. The original search warrant issued by the magistrate was signed and dated on April 20, 1979; therefore, it is irrelevant whether appellant's copy was dated. The affidavit upon which the warrant was based stated that the appellant had sold a baggie of marijuana to one K.S. Arbogast on March 17, 1979 at appellant's residence, that Arbogast planned to purchase cocaine from appellant on March 19, and "discussed with him various other drug deals he is engaged in." Arbogast appeared in person before

the magistrate, completed the affidavit, and took an oath to its contents.

Although the alleged cocaine sale later fell through, it was in fact planned; therefore, we find no misrepresentation by the affiant in this respect. Even excluding this information, we find that the affidavit contains sufficient allegations of a continuing course of conduct to establish the requisite probable cause to believe that contraband would be found at the appellant's residence on April 20, 1979.

Since the affiant was the "informant", no independent determination of reliability need be made. *See, e.g., State v. Wotring,* 167 W.Va. 104, 279 S.E.2d 182, 187 (1981). Finally, there is no indication that the magistrate was a "mere agent" of the prosecution. *State v. Dudick,* 158 W.Va. 629, 213 S.E.2d 458, 466 (1975). On the contrary, the record shows that he questioned the affiant carefully about the facts in the affidavit, and made a completely independent determination that there was probable cause for issuance of the search warrant.

The remaining errors assigned by the appellant are unlikely to recur upon retrial, and in any event we find them to be without merit. Because of the trial court's failure to excuse an obviously objectionable juror from the panel, the appellant is entitled to a new trial. Accordingly, the final judgment of the Circuit Court of Randolph County is reversed, and the case is remanded for a new trial.

Reversed and remanded.