■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY D. HOSKINS, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered March 5, 1982, convicting defendant upon his plea of guilty of the crime of petit larceny. Defendant was indicted on August 26, 1981 for the crimes of offering a false instrument for filing in the first degree and petit larceny, based upon his unlawfully receiving food stamps between August 23 and October 31, 1979. Following arraignment on August 31, 1981, defendant promptly moved for dismissal of the indictment on the ground that the preindictment delay in prosecution violated his right to due process. The District Attorney submitted an affidavit in opposition to this motion, explaining that just prior to the time of the indictment the District Attorney's office received information from the Chemung County Department of Social Services concerning abuse of the food stamp and other public assistance programs and made a policy decision to prosecute such abuses if brought to their attention. The affidavit further stated that shortly thereafter the Department of Social Services sent a number of files, including defendant's, to the District Attorney's office for review and that, after being reviewed, defendant's file was submitted to a Grand Jury. The motion was argued before the Trial Judge and subsequently denied. Defendant then pleaded guilty to petit larceny, admitting that he had stolen certain property from the Chemung County Department of Social Services between August 24 and October 31, 1979, and he was sentenced to a three-year term of probation. On this appeal, defendant contends that he was denied his due process right to prompt prosecution by the nearly two-year delay between the time his crime was completed and the time this prosecution was commenced. Defendant relies on *People v Singer* (44 NY2d 241) which held that even where a prosecution is brought within the time limits of the Statutes of Limitation of CPL 30.10, an unexplained and unreasonable delay in its commencement may, in special circumstances, constitute a denial of due process entitling a defendant to dismissal. Recently, however, in a welfare fraud situation very similar to the instant case, the Court of Appeals held that no special circumstances existed and that there was no denial of due process (*People v Fuller,* 57 NY2d 152). In *Fuller,* the court found that the 21-month preindictment delay was within the applicable Statute of Limitations; that over half the delay was not attributable to the District Attorney since the Department of Social Services did not report the case to his office until 12 months after the alleged welfare fraud occurred,

and notice to the Department of Social Services "need not be regarded as notice to the criminal justice system"; and that there was "no convincing support for defendant's routine-like claim of prejudice" (*id.* at pp 159-160). Similarly here, no special circumstances have been demonstrated, and the delay was within the Statute of Limitations (CPL 30.10, subd 2). This case was also not reported to the District Attorney's office until many months after the event occurred, and defendant does not suggest that the District Attorney's office did not move reasonably quickly to initiate prosecution once it was given defendant's file by the Department of Social Services. Finally, defendant has made only a "routine-like" claim of prejudice, with no substantiation. Accordingly, the judgment should be affirmed. Judgment affirmed. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.