312 S.E.2d 782

**STATE of West Virginia**

v.

**Ervil BOGARD.**

No. 15802.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 14, 1983.

Decided Feb. 16, 1984.

**120**

Debra K. Hodges, Kenneth R. Miller, Furbee, Amos, Webb & Critchfield, Fairmont, for appellant.

Chauncey H. Browning, Jr., Atty. Gen., Michael E. Froble, Asst. Atty. Gen., Charleston, for appellee.

## PER CURIAM:

Ervil Bogard appeals his conviction of armed robbery in the Marion County Circuit Court, for which he was sentenced to thirty years in the penitentiary. His principal claims are ineffective assistance of counsel and the denial of a pre-trial *in camera* hearing on possible conflict between the appellant and his lawyer. We find no reversible error in the proceedings below, and affirm the circuit court.

The appellant was charged with stealing a pick-up truck from two men in the parking lot of a Fairmont shopping mall. On the morning of trial, after the jury had been impaneled and sworn, his appointed counsel moved to withdraw from the case on the grounds that the appellant had refused to cooperate in his defense. The State objected, and the court denied the motion. Defense counsel then moved for a continuance, which was denied. Although the prosecutor suggested that the court might want to hear from the appellant on his attorney's motion, the court did not feel that was necessary and proceeded with the trial.

Following his conviction, the appellant filed a motion for a new trial and arrest of judgment, based in part on the judge's refusal to relieve his appointed counsel, and his failure to conduct an inquiry into the reasons for the request. At a hearing on the motion, the appellant testified that he felt there was a conflict with his appointed attorney, and that had he been given an opportunity he would have joined in the motion to withdraw. He stated that counsel had ignored his request to seek a reduction of his bond; that counsel raised a speedy trial question only after the appellant insisted; and, that he had attempted to retain other counsel but could not raise the fee. Appellant said he had tried to cooperate with his lawyer, and that the first time counsel informed him that he wanted to withdraw was about three days before trial. Finally, he said he decided not to testify because his attorney could not assure him that a prior conviction would not be brought out at trial. The appellant admitted, however, that he had not made his dissatisfaction with his lawyer known to the judge or to any other person involved in the case.

Defense counsel testified that he had problems preparing for trial because the appellant would not keep appointments with him to discuss the case. He said that appellant was concerned about his prior conviction, but it was his impression that the appellant had no intention of testifying in any event. Finally, counsel stated that he had made every attempt to comply with the appellant's requests and to meet with him at his convenience.

The appellant contends that as soon as the trial judge learned of difficulties between the appellant and his counsel, he should have immediately conducted an *in camera* hearing to investigate the situation. He relies on *Watson v. Black*, 161 W.Va. 46, 239 S.E.2d 664 (1977), in which we said:

"Whenever it is suggested to the court that there is a conflict of interest, breakdown in communication, irreconcilable

conflict, or any other cause for dissatisfaction by a defendant with his court-appointed lawyer, the trial court should hold a hearing on the matter and dispose of it on the record."

161 W.Va. at 53, 239 S.E.2d at 668.

■ In the record of the trial, we find no suggestion to the lower court that there was such a conflict of interest, breakdown in communication, or irreconcilable conflict as would require him to stop the proceedings and hold a hearing. The appellant made no representation to the court that he was dissatisfied with his counsel; his attorney merely expressed his dissatisfaction with the appellant's lack of cooperation. In *Watson, supra,* we made it clear that a defendant will not be permitted to invite error by refusing to cooperate with his counsel:

> "It is the obligation of an indigent criminal defendant to exert good faith efforts to cooperate with his court-appointed counsel and any objection which is made to a court-appointed counsel which is not made in good faith need not be accepted by the trial court and, therefore, the defendant proceeds at his own peril if he continues to be uncooperative with his court-appointed counsel."

Syl. pt. 4, *Watson v. Black,* 161 W.Va. 46, 239 S.E.2d 664 (1977).

■ Since the appellant made no suggestion to the court that he was dissatisfied with his counsel at the time that counsel moved to be relieved of the appointment, we cannot say that the trial court was clearly wrong in failing to hold an immediate hearing on the matter. Fortunately, the court did hold a hearing after trial which showed that the alleged conflicts were merely differences of opinion between the appellant and his attorney regarding pre-trial defense strategy and tactics. The transcript of this hearing supports the trial judge's decision not to relieve counsel on the day of trial, particularly in light of the appellant's insistence on a speedy trial.

Inextricably entwined with this claim is the appellant's further contention that he was prejudiced by having to proceed to trial with an attorney who was ill-prepared and not solicitous of his concerns, and was thereby denied effective assistance of counsel. He complains that: he was given inadequate notice of his attorney's intention to withdraw; he chose not to testify because of incorrect information from counsel; counsel should have demonstrated that the State failed to prove intent; and, counsel failed to object to the testimony of certain State's witnesses.

■ Our general rule regarding claims of ineffective assistance of counsel is found in syllabus point 19 of *State v. Thomas,* 157 W.Va. 640, 203 S.E.2d 445 (1974):

> "In the determination of a claim that an accused was prejudiced by ineffective assistance of counsel violative of Article III, Section 14 of the West Virginia Constitution and the Sixth Amendment to the United States Constitution, courts should measure and compare the questioned counsel's performance by whether he exhibited the normal and customary degree of skill possessed by attorneys who are reasonably knowledgeable of criminal law, except that proved counsel error which does not affect the outcome of the case, will be regarded as harmless error."

Further, in syllabus point 21 of *Thomas,* we said:

> "Where a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused."

*See also State v. Bias,* 171 W.Va. 687, 301 S.E.2d 776 (1983); *State v. Jacobs,* 171 W.Va. 300, 298 S.E.2d 836 (1982).

■ The record demonstrates that despite his request to withdraw, appellant's counsel had engaged in extensive investigation and preparation, and conducted the trial as competently as any reasonably qualified defense attorney. We further find that the appellant made the decision not to testify on his own, and not as the

result of erroneous advice concerning his prior conviction. Finally, the record shows that the jury was adequately instructed about the element of intent to commit robbery, and that both the State and defense counsel fully addressed the issue in closing argument. The appellant's other complaints involve strategy, tactics and arguable courses of action, and we cannot conclude that no reasonably qualified defense attorney would have acted in the same manner as defense counsel in this case. We therefore find that the appellant's claim of ineffective assistance of counsel is without merit.

 The appellant presents two other assignments of error which we must discuss briefly. First, he contends that the prosecutor in his closing arguments improperly referred to the appellant's failure to testify. The record shows, however, that the prosecutor's comments were only to the effect that the State's evidence was uncontradicted; there was no reference whatsoever to the failure of the appellant to testify. We have repeatedly held that such prosecutorial comments are permissible. *See State v. Clark*, 170 W.Va. 224, 292 S.E.2d 643 (1982); *State v. McClure*, 163 W.Va. 33, 253 S.E.2d 555 (1979); *State v. Simon*, 132 W.Va. 322, 52 S.E.2d 725 (1949).

The appellant's final contention is that he was denied his right to a speedy trial because eleven months passed between his arrest and indictment for the offense. In *State v. Cox*, 162 W.Va. 915, 253 S.E.2d 517 (1979), we discussed the United States Supreme Court's balancing approach for resolving speedy trial claims:

"Four factors are to be considered in this balancing process: (1) length of delay; (2) the reason for the delay; (3) the defendant's assertion of his rights; and (4) prejudice to the defendant." *Id.* 162 W.Va. at 918, 253 S.E.2d at 519.

In the case before us, we find that the length of the delay was not *per se* unreasonable; that the reasons for the delay, i.e., continued investigation by police agencies and a change of administration within the prosecuting attorney's office, were legitimate; and, that the appellant has been unable to demonstrate any prejudice to his case resulting from the delay. For the foregoing reasons, we find no error in the trial court's refusal to quash the indictment.

Accordingly, the judgment of the Circuit Court of Marion County is affirmed.

Affirmed.