THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT SMILEY, Appellant.

Third Department, April 12, 1984

APPEARANCES OF COUNSEL

*Greg D. Lubow, Public Defender,* for appellant.

*Seymour Meadow, District Attorney,* for respondent.

**OPINION OF THE COURT**

LEVINE, J.

On June 5, 1981, defendant, an inmate at the Coxsackie Correctional Facility serving a sentence for an unrelated criminal conviction, was the subject of a State Police investigation of an alleged assault on a correctional officer that day. The investigating officer took statements from witnesses but did not interrogate defendant. After taking defendant's fingerprints and causing him to be photographed, the officer filled out an "arrest report" indicating that defendant was "arrested" on that date for assault. The report and fingerprints were transmitted to the State Division of Criminal Justice Services where they were made the subject of an arrest entry on defendant's record.

Since defendant was already in custody under his existing sentence, no accusatory instrument was filed nor was defendant arraigned until some two months later when the

Greene County Grand Jury handed down an indictment charging him with the assault on the prison guard. It was at this point that defendant initially was assigned counsel.

Defendant's attorney then brought on motions to dismiss the indictment on two grounds, each based upon the factual assertion that the photographing, fingerprinting and processing of the arrest report constituted an arrest of defendant on June 5, 1981, and the legal argument that, accordingly, the arrest should promptly have been followed by the filing of an accusatory instrument and arraignment in a local criminal court. The first ground for dismissal was that by reason of the failure to bring defendant before the court, defendant was deprived of his statutory right to notice and an opportunity to appear before the Grand Jury (CPL 190.50). The second ground was that the delay in arraignment and concomitant delay in the appointment of counsel deprived defendant of the effective assistance of counsel.

After a hearing, County Court accepted the first of defendant's grounds for dismissal. By separate decision, it rejected the second ground. Therefore, dismissal of the indictment was only granted on the condition that defendant give prior written notice of his desire to appear and testify before the Grand Jury. Without having given such written notice, however, which would have made dismissal of the indictment effective, defendant pleaded guilty to assault in the second degree and received a sentence to run concurrently with the sentence he was already serving. He then brought on the instant appeal, claiming that the indictment should have been dismissed unconditionally because of the deprivation of his right to counsel.

The thrust of defendant's right to counsel argument is as follows: when the State Police investigator photographed and fingerprinted defendant and processed the arrest report, the investigatory stage of defendant's case was completed and the accusatory stage began. At that point, defendant argues, his right to counsel indelibly attached. This included the right to effective assistance of counsel. The two-month delay in according defendant that right resulted in prejudice to him because it deprived him of the benefit of a prompt investigation by counsel in preparing

his defense. Defendant's argument fails, however, because of the invalidity of its major premise, namely, that the right to counsel indelibly attached when his "arrest" was processed on June 5, 1981. As the Court of Appeals made clear in *People v Kazmarick* (52 NY2d 322, 326), unless an accused has requested an attorney, or one has otherwise "entered" the case, or at least there has been some other significant *judicial* activity involving the accused, the indelible right to counsel only attaches upon actual commencement of formal adversary proceedings, i.e., the filing in court of an accusatory instrument. Thus, the completion of the investigatory stage, usually culminating in the processing of a formal arrest, is not critical unless in fact it is followed by court action signifying the beginning of the accusatory stage. Directly in point is *People v Wilson* (56 NY2d 692), where a confession obtained after the defendant was "booked and processed" (*supra,* at p 693), without counsel being present, was held admissible.

The comprehensive record made at the dismissal hearing further establishes that there was no police activity involving defendant, such as interrogation or even identification procedures, between June 5 and his arraignment on the indictment. Therefore, the record supports no inference that the delay in commencing formal criminal proceedings was for the purpose of invading defendant's rights, for the protection of which counsel was necessary (*People v Hawkins,* 55 NY2d 474, 485; *People v Yanus,* 92 AD2d 674, 675).

The vague, "routine-like" generalities of defendant's assertion that he was prejudiced by the delay are not entitled to any weight (cf. *People v Fuller,* 57 NY2d 152, 159-160; *People v Hoskins,* 95 AD2d 899, 900). In the light of the foregoing, we need not pass on the question of whether the photographing, fingerprinting and processing of an arrest report, when defendant was already in custody under a prison sentence, constituted an arrest.

The judgment should be affirmed.

CASEY, J. P., WEISS, MIKOLL and YESAWICH, JR., JJ., concur.

Judgment affirmed.