(November 21, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD D. BROOKS, Appellant. — Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered September 29, 1981, upon a verdict convicting defendant of the crimes of robbery in the second degree (two counts) and grand larceny in the third degree.

Defendant was convicted after trial of robbery in the second degree (two counts) and grand larceny in the third degree as the result of a January 20, 1981 incident wherein he and one Carrie Coleman visited the house trailer of the victim, George Mix, forcibly took a shotgun and wallet containing $100, and inflicted physical injury on Mix. Defendant was sentenced as a second felony offender to concurrent terms of imprisonment of 6 to 12 years on each of the robbery convictions and 2 to 4 years on the grand larceny conviction. This appeal ensued.

Defendant raises multiple arguments which we rearrange and address in the order of alleged occurrence. Initially, he maintains that he was charged and arrested on about February 4,

1981 and arraigned the next day before a Justice of the Peace in the Town of Spencer, Tioga County, at which time he was promised a preliminary hearing and assignment of counsel. Other than in his brief and supplemental brief and a posttrial affidavit dated April 21, 1983, there is no indication of such events to be found anywhere in the record. The record does indicate that defendant was incarcerated January 23, 1981 on a parole violation warrant after his parole officer found a shotgun, allegedly taken from the Mix trailer, hidden in the garage behind the home of defendant's father. He was imprisoned on the basis of this warrant until the instant indictment was returned on April 3, 1981. He was initially arraigned on April 10, 1981 but, because the public defender represented Coleman, the arraignment was adjourned to permit the court to assign other counsel. Attorney La Verne Brister was assigned on April 14, 1981 and made an omnibus motion on July 20, 1981. On July 21, 1981, the arraignment which had been started April 10 was completed.

While defendant correctly states that an accused's right to counsel attaches upon arraignment (*People v Samuels,* 49 NY2d 218), and that such right cannot be waived except in the presence of counsel (*People v Kazmarick,* 52 NY2d 322), as already stated, there is no factual basis in the record to substantiate the assertion that he was arraigned in February, 1981. Since this court is bound by the certified record on appeal, the issues presented on this point are not properly before us (*Interstate Window Cleaning Co. v Morse/Diesel, Inc.,* 89 AD2d 820; *Smith v Slimak,* 215 App Div 637, 639). Even were we to consider the contention, we would reject the claim since no untoward police activity occurred between the alleged February 5, 1981 arraignment and April 14, 1981, when new counsel was assigned (*People v Smiley,* 100 AD2d 294). Further, while the failure to serve notice of Grand Jury proceedings on defendant (CPL 190.50, subd 5, par [a]) would support a motion to dismiss the indictment, defendant's failure to so move within five days after arraignment upon the indictment, at which time he was represented by counsel, constituted a waiver of the right (CPL 190.50, subd 5, par [c]). Nor is there validity to the contention that defendant's preindictment detention was improper, since he was incarcerated as a parole violator and not as a result of the Mix robbery (see *People v Simons,* 22 NY2d 533, 540-541, cert den 393 US 1107). It follows that a preliminary hearing on the instant charges was not required and, once he was indicted by the Grand Jury, the need for a felony hearing was obviated (*Matter of Vega v Bell,* 47 NY2d 543, 549). In sum, defendant has

failed to demonstrate any impropriety in the preindictment procedures.

Similarly, defendant's contention that he was denied a prompt arraignment is meritless since, at his April 10, 1981 arraignment, he was informed of the charges against him, waived the reading of the indictment and pleaded not guilty to the charges. Clearly, defendant was afforded prompt notification of the pending charges (*People v Samuels, supra,* p 223). The fact that the arraignment was adjourned for purposes of obtaining independent assigned counsel does not obviate the effective notice given. Moreover, defendant's failure to timely raise this issue at the trial level when the prosecution could respond precludes consideration on this appeal (*People v Allyn,* 92 AD2d 692, 693).

Nor do we find merit in defendant's contention, again raised for the first time on this appeal, that his right to a speedy trial was violated. The failure to raise this issue before the trial court constituted a waiver of his statutory right to a speedy trial under CPL 30.30 (*People v Rodriguez,* 50 NY2d 553, 557; *People v Primmer,* 46 NY2d 1048, 1049). Moreover, given the facts that defendant was incarcerated on the parole violation prior to indictment, the time between indictment and trial was less than the six months, and no viable showing of prejudice was made, we perceive no violation of his constitutional right to a speedy trial.

Defendant's remaining arguments concerning the photo identification procedure, the testimony of the parole officer concerning his occupation and the trial court's jury charge were all waived for failure to make timely objections. Having carefully considered each argument, we perceive no reason to now review these matters in the interest of justice (CPL 470.15).

Finally, we reject the argument that the sentence was harsh and excessive and, absent any extraordinary circumstances, decline to disturb the exercise of the sentencing court's discretion.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.