■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY WALKER, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered August 3, 1987, upon a verdict convicting defendant of the crime of assault in the second degree.

On August 7, 1986, defendant and Jose Carrasquillo were inmates at Ogdensburg Correctional Facility in St. Lawrence County when, according to the latter, defendant attacked Carrasquillo in a shower stall, striking him and cutting him with a razor blade, leaving him with a lacerated hand and cheek, and a fractured nose. Defendant was indicted on September 8, 1986 for second degree assault and arraigned on September 18, 1986. The prosecution declared its readiness for trial and so advised defendant the very day the indictment was issued. Though defendant pressed for an early trial, it was not until May 1987 that the matter was set down for trial; June 11, 1987 was the scheduled trial date. On June 2, 1987, the People obtained an ex parte order directing production of defendant at 9:00 A.M. on June 11, 1987. Thereafter, on or about June 8, 1987, the parties were advised that the trial

would begin June 10, 1987 at 9:30 A.M., which was subsequently changed to 1:30 P.M. As defendant was not to be produced until June 11, 1987, the prosecution moved for and was granted a continuance until then. Defense counsel's motion to dismiss the indictment, on the ground that the prosecution was not ready for trial *(see,* CPL 30.30), was denied. Defendant, who was tried before a jury, convicted and sentenced as a predicate felon to 2 to 4 years' imprisonment to be served consecutively to his prior sentence, appeals; we affirm.

We find specious defendant's argument that because the People were unable to go forward with the trial on June 10, 1987 they should be charged with the nine months that elapsed between indictment and trial, which was commenced the next morning, in assessing compliance with the statutory speedy trial requirement (CPL 30.30 [1] [a]). The People diligently arranged for defendant's presence on the date the case was originally set for trial; it was only because a previously scheduled trial concluded earlier than anticipated that defendant's trial date was accelerated by County Court *(cf., People v Greenwaldt,* 103 AD2d 933). The only delay conceivably attributable to the People after the arraignment is the one day of June 10, 1987 and, thus, the statutory speedy trial requirement has clearly been met *(see,* CPL 30.30 [3] [b]).

Although defendant has not preserved an objection based on his constitutional right to a speedy trial *(see,* US Const 6th Amend; CPL 30.20), we review it in the interest of justice. Applying the five factors set out in *People v Taranovich* (37 NY2d 442, 445), we find that a nine-month delay is not unduly long *(see, supra,* at 446), especially considering that the delay was almost exclusively due to "court scheduling and assignment" *(People v Watts,* 57 NY2d 299, 303), and that the underlying charge was a felony *(see, People v Taranovich, supra,* at 446). Nor does defendant's pretrial incarceration weigh in his favor for that was solely the result of his prior conviction *(see, People v Brooks,* 105 AD2d 977, 979). Finally, defendant was not unfairly prejudiced by the delay. The fact that Carrasquillo strengthened his testimony against defendant once he was paroled, allegedly because he no longer feared retribution since he was out of prison, is not the type of prejudice the US Constitution seeks to avoid *(see, People v Anderson,* 66 NY2d 529, 534-535). Furthermore, defendant was able to impeach Carrasquillo with his prior inconsistent testimony.

Defendant's other contentions, even those not preserved for

appeal, have been reviewed; they too are wholly lacking in merit.

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Mercure, JJ., concur.