382 S.E.2d 573

**Leslie HUNDLEY**

v.

**Hon. John ASHWORTH, Judge of the Circuit Court of Raleigh County.**

**No. 19016.**

Supreme Court of Appeals of
West Virginia.

July 14, 1989.

Michael E. Froble, Public Defender Corp., Beckely, for Leslie Hundley.

Thomas J. Gillooly, Charleston, Larry R. Frail, Pros. Atty. of Paleigh Co., Beckley, Beth Hunter, Asst. Atty. Gen., Charleston, for Judge Ashworth.

MILLER, Justice:

This is an original proceeding in prohibition to consider whether the relator's due process rights were violated by an eight-year delay before he was indicted. The relator filed a motion for a writ of prohibition with this Court on March 3, 1989, and a rule to show cause was issued on April 4, 1989.

On September 16, 1988, the relator, Leslie Hundley, was indicted by a grand jury in Raleigh County on two counts of first degree sexual assault and two counts of incest involving his daughter and his son, which acts were alleged to have occurred on or about October 29, 1980. On November 4, 1988, Hundley filed a motion to dismiss the indictment, alleging that there had been a substantial delay in the arrest and the indictment and that he had been prejudiced by that delay. The circuit court, on January 30, 1989, denied the motion to dismiss the indictment, holding that it could not find that notice to the Department of Human Services could be chargeable to the prosecuting attorney under the circumstances of this case.

An evidentiary hearing was conducted on December 22, 1988, which revealed that the alleged abuse had been reported to the Department of Human Services in October, 1980. It appears that the matter was handled by a family counselor. Contact was made with the relator on January 20, 1981. Because the wife and children had moved from the relator's home and the wife was filing for a divorce, no report of the alleged abuse was made to law enforcement officials. Apparently, the first official contact with law enforcement authorities was made when the mother contacted the Raleigh County sheriff's office in July, 1988, after she discovered that nothing had been done about the incident.

On appeal, the relator contends that the trial court erred in failing to dismiss the indictment because he was denied his right to a speedy trial under the Fifth Amendment to the United States Constitution and under Article III, Section 10 of the West Virginia Constitution [1] and Rule 48(b) of the West Virginia Rules of Criminal Procedure.[2] The State asserts that the delay was unavoidable because the prosecutor had no earlier knowledge nor any reason to know of the crimes until eight years after their commission.

The United States Supreme Court has recognized that the constitutional right to a speedy trial does not arise until the defendant is charged or arrested. *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). In *Marion*, the Court declined to extend the reach of the Sixth Amendment right to a speedy trial to the period prior to arrest because a person who has not been arrested is not subject to public accusations nor restraints on his liberty. 404 U.S. at 321, 92 S.Ct. at 463–64, 30 L.Ed.2d at 479. *See also United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). It also found that there are other mechanisms, such as statutes of limitations, to protect against possible prejudice which may result from the passage of time between the crime and the arrest or indictment. As to preindictment or prearrest delay, the Supreme Court has held that:

"[T]he Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the preindictment delay in this case caused substantial prejudice to the [defendant's] right to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused." 404 U.S. at 324, 92 S.Ct. at 465, 30 L.Ed.2d at 481.

Subsequently, in *United States v. Lovasco*, 431 U.S. at 796, 97 S.Ct. at 2052, 52 L.Ed.2d at 763, the Supreme Court appeared to suggest that it was not in a position to formulate a test for a due process violation due to preindictment or prearrest delay: "In *Marion*, we conceded that we could not determine in the abstract the circumstances which preaccusation delay would require dismissing prosecution. 404 U.S. at 324 [92 S.Ct. at 465, 30 L.Ed.2d at 481]. More than five years later, that statement remains true."

More recently in *United States v. Gouveia*, 467 U.S. 180, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984), the Supreme Court would seem to have settled on a due process test for preaccusation delay.[3] It es-

---

**1.** The Fifth Amendment to the United States Constitution provides: "No person shall be ... deprived of life, liberty, or property, without due process of law[.]" Article III, Section 10 of the West Virginia Constitution is substantially similar, further providing "and the judgment of his peers."

**2.** Rule 48(b), W.Va.R.Crim.P., states:

"*By Court.* If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the circuit court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment or complaint."

We need not address the Rule 48(b) argument, as its language provides no particular standard for determining when a dismissal is authorized. We construe it to be compatible with the constitutional rules for dismissal.

**3.** We use the phrase "would seem to have settled" for two reasons. First, the statement in *Gouveia* is dictum. There, the Supreme Court was deciding a Sixth Amendment right to counsel claim based on a nineteen-month delay in indicting prisoners who had been transferred to administrative segregation as suspects in the

sentially adopted language from both *Marion* and *Lovasco* by making this statement:

"But applicable statutes of limitations protect against the prosecution's bringing stale criminal charges against any defendant, ... and, beyond that protection, the Fifth Amendment requires the dismissal of an indictment, even if it is brought within the statute of limitations, if the defendant can prove that the Government's delay in bringing the indictment was a deliberate device to gain an advantage over him and that it caused him actual prejudice in presenting his defense. *United States v. Lovasco, supra*, at 788–89 [, 97 S.Ct. at 2048–49]; *United States v. Marion, supra*, at 322 [, 92 S.Ct. at 464]...." 467 U.S. at 192, 104 S.Ct. at 2299–2300, 81 L.Ed.2d at 157. (Citations and footnotes omitted).

■ We recognized the general distinction between the Fifth and Sixth Amendment claims for a speedy trial in Syllabus Point 2 of *State v. Drachman*, 178 W.Va. 207, 358 S.E.2d 603 (1987):

"In those situations where there has been no arrest or indictment, the Sixth Amendment right to a speedy trial is not implicated. Yet, the prosecution may have substantially delayed the institution of criminal proceedings causing prejudice to the defendant by way of loss of witnesses or other evidence. In this situa-tion, the Fifth Amendment due process standard is utilized."

In *Drachman*, we did not discuss a specific due process test for preaccusation delay because the Sixth Amendment right to a speedy trial was being pressed. We did recognize that in several earlier cases, we had attempted to formulate a due process test. *See State v. Richey*, 171 W.Va. 342, 298 S.E.2d 879 (1982);[4] *State ex rel. Leonard v. Hey* (W.Va.), 269 S.E.2d 394 (1980).[5] In these cases, as well as those that have followed them, we have focused on the length of the delay, the it, and, more importantly, whether there was actual prejudice to the defendant's case.[6]

In *Leonard*, where the delay was eleven years, we utilized a burden-shifting mechanism by finding the delay to be presumptively prejudicial and requiring the State to rebut the presumption of prejudice. However, this was limited to the situation where the prosecutor knew of the defendant's "location and identification ... throughout the period." Syllabus Point 1, in part, *State ex rel. Leonard v. Hey, supra*.[7] In the present case, the *Leonard* burden-shifting mechanism does not apply simply because the prosecutor was not shown to have knowledge of the identity and location of the defendant.

---

murder of an inmate. They claimed that their transfers to administrative segregation should have triggered their Sixth Amendment right to counsel. Secondly, in *United States v. Eight Thousand Eight Hundred and Fifty Dollars*, 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983), the Supreme Court discussed the due process issue on an eighteen-month delay in a civil forfeiture proceeding. The government urged the *Lovasco* test, but the Court rejected it, deciding that the *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), balancing test for the Sixth Amendment right to a speedy trial was more appropriate even though it recognized that preindictment delay was ordinarily resolved under the Fifth Amendment. This decision was not cited in *Gouveia*.

4. Syllabus Point 1 of *Richey* states:

"The general rule is that where there is a delay between the commission of the crime and the return of the indictment or the arrest of the defendant, the burden rests initially upon the defendant to demonstrate how such delay has prejudiced his case if such delay is not *prima facie* excessive."

5. Syllabus Point 1 of *Leonard* states:

"A delay of eleven years between the commission of a crime and the arrest or indictment of a defendant, his location and identification having been known throughout the period, is presumptively prejudicial to the defendant and violates his right to due process of law, U.S. Const.Amend. XIV, and W.Va. Const. art. 3, § 10. The presumption is rebuttable by the government."

6. *E.g., State v. Allman*, 177 W.Va. 365, 352 S.E.2d 116 (1986); *State v. Bogard*, 173 W.Va. 118, 312 S.E.2d 782 (1984); *State v. Bennett*, 172 W.Va. 123, 304 S.E.2d 28 (1983); *State v. Simmons*, 171 W.Va. 722, 301 S.E.2d 812 (1983); *State v. Ayers*, 168 W.Va. 137, 282 S.E.2d 876 (1981).

7. The full text of Syllabus Point 1 of *Leonard* is set out in note 5, *supra*.

Furthermore, even in those limited situations where *Leonard* does apply, the State in rebutting the prejudice need only show that the delay was not deliberately designed to gain a tactical advantage over the defendant. Once this is shown, the defendant is not entitled to prevail on a motion to dismiss the indictment under a due process claim for delay.

■ This point is nothing more than a recognition of the due process standard articulated in *United States v. Gouveia, supra.* We believe that this standard is not inconsistent with our prior law and we adopt it: The Due Process Clause of the Fifth Amendment to the United States Constitution, as well as Article III, Section 10 of the West Virginia Constitution, requires the dismissal of an indictment, even if it is brought within the statute of limitations, if the defendant can prove that the State's delay in bringing the indictment was a deliberate device to gain an advantage over him and that it caused him actual prejudice in presenting his defense.[8]

■ In this case, the defendant did not clear the first hurdle by showing that the State had, by deliberate design, delayed the bringing of the charges. At best, the defendant argues that notice to the Department of Human Services of the criminal episode must be attributed to the law enforcement agents and the prosecutor. It is apparent from the record that they had no actual knowledge.

Other courts have considered whether a prosecutor is charged with knowledge where information as to a criminal act has been conveyed to a government agency not engaged in law enforcement. The most analogous case is the New York Court of Appeals case of *People v. Fuller,* 57 N.Y.2d 152, 455 N.Y.S.2d 253, 441 N.E.2d 563 (1982), where the court held that the

Department of Social Services' knowledge that the defendant received unlawful public assistance funds was not chargeable to the district attorney. *See also People v. Hoskins,* 95 A.D.2d 899, 464 N.Y.S.2d 55 (1983) (unlawful receipt of food stamps known to county department of social services not chargeable to district attorney). As the Mississippi Supreme Court stated in *Hooker v. State,* 516 So.2d 1349, 1352 (1987), in applying its similar due process test, "there was absolutely no proof that the Government even knew of the alleged embezzlement before Grantham went to the DA's office ... much less that the Government deliberately delayed the indictment in order to gain an advantage over the defendant."

For the foregoing reasons, we deny the writ of prohibition.

Writ denied.

---

**8.** This test has been followed by a number of jurisdictions. *E.g., United States v. Fulford,* 825 F.2d 3 (3d Cir.1987); *United States v. Rein,* 848 F.2d 777 (7th Cir.1988); *United States v. Sims,* 779 F.2d 16 (8th Cir.1985); *State v. White,* 155 Ariz. 452, 747 P.2d 613 (App.1987); *Nelson v. State,* 247 Ga. 172, 274 S.E.2d 317, *cert. denied,* 454 U.S. 882, 102 S.Ct. 365, 70 L.Ed.2d 192 (1981); *State v. Dickerson,* 529 So.2d 434 (La. App.1988); *Commonwealth v. Best,* 381 Mass. 472, 411 N.E.2d 442 (1980); *Hooker v. State,* 516 So.2d 1349 (Miss.1987); *Smallwood v. State,* 51 Md.App. 463, 443 A.2d 1003 (1982); *State v. Scott,* 621 S.W.2d 915 (Mo.1981); *State v. Luck,* 15 Ohio St.3d 150, 472 N.E.2d 1097 (1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985); *State v. Smith,* 699 P.2d 711 (Utah 1985).