424 S.E.2d 741

STATE of West Virginia ex rel. Mark E. HENDERSON, Petitioner,

v.

Honorable John HEY, Judge of the Circuit Court of Kanawha County and William C. Forbes, Prosecuting Attorney for Kanawha County, Respondents.

No. 21425.

Supreme Court of Appeals of West Virginia.

Submitted Dec. 1, 1992.

Decided Dec. 10, 1992.

William E. Hamb, Robert W. Kiefer, Jr., Hamb, Poffenbarger & Bailey, Charleston, for petitioner.

William C. Forbes, Pros. Atty., Kanawha County, Mary Beth Kershner, Asst. Pros. Atty., Kanawha County, Charleston, for respondent.

PER CURIAM:

Mark E. Henderson seeks to prohibit the Honorable John Hey, Judge of the Circuit Court of Kanawha County, and William C. Forbes, Prosecuting Attorney for Kanawha County, from prosecuting him on a charge of malicious wounding. *W. Va. Code* 61–2–9 [1978]. Mr. Henderson maintains that such a trial would violate his due process rights because the State delayed twenty-three months between his arrest and indictment. Mr. Henderson maintains that the State's failure to appear in magistrate's court to prosecute him on a misdemeanor charge arising out of the same incident requires the dismissal of the malicious wounding charge. Because we find that the delay of the indictment, by itself, is not sufficient to bar the trial, we deny the writ of prohibition.

About 3:00 a.m. on May 24, 1990, Mr. Henderson, after leaving a bar in Charleston, backed his pick-up truck into an unoccupied S–10 truck owned by Danny Hall. The accident knocked Mr. Hall's truck into the middle of Washington Street. Mr. Henderson left the accident scene without finding the owner of the S–10 truck. Shortly thereafter, Mr. Hall and some others were inspecting his truck when Mr. Henderson returned and drove into Mr. Hall's truck. Mr. Hall, who was either inside or in front of the truck, was seriously injured.[1]

After Mr. Henderson failed the field sobriety tests, he was arrested. Mr. Henderson registered a .14 on the intoxilyzer test. Mr. Henderson appeared before a magistrate and was charged with driving under the influence of alcohol, causing bodily injury, a misdemeanor. *W. Va. Code*, 17C–5–2(c) [1986]. Mr. Henderson's driving under the influence causing bodily injury charge was scheduled for trial in magis-

---

1. Because there is no record, the factual information is based on the parties' briefs. It is undisputed that two collisions occurred and that Mr. Hall was injured in the second collision.

trate's court on September 13, 1990; however, because the State failed to appear for trial, the complaint was dismissed.

On April 8, 1992, Mr. Henderson was indicted by a Kanawha County grand jury and charged with the malicious wounding of Danny Hall "on the _____ day of May, 1990" in violation of *W.Va.Code*, 61–2–9 [1978]. After Mr. Henderson's motion to dismiss was denied by the circuit court[2], Mr. Henderson petitioned this Court for a writ of prohibition alleging the twenty-three month delay between his arrest and indictment violated his due process rights.[3]

■■■■ Our rule for determining when a defendant's due process rights are violated was stated in *State ex rel. Leonard v. Hey*, —— W.Va. ——, 269 S.E.2d 394 (1980). In *Leonard* we found that a delay of eleven years between arrest and indictment "is presumptively prejudicial to the defendant and violates his right to due process of law...." Syllabus Point 1, *Leonard*. When the delay is not presumptively prejudicial, *Leonard* requires that the effect of the delay be determined "by weighing the reasons for the delay against the impact of the delay upon the defendant's ability to defend himself." Syllabus Point 2, in part, *Leonard; in accord* Syllabus Point 1, *State ex rel. Bess v. Hey*, 171 W.Va. 624, 301 S.E.2d 580 (1983). When the delay is not presumptively prejudicial, the defendant has the initial burden of showing how the delay prejudiced his case. In Syllabus Point 1, *State v. Richey*, 171 W.Va. 342, 298 S.E.2d 879 (1982), we said:

> The general rule is that where there is a delay between the commission of the crime and the return of the indictment or the arrest of the defendant, the burden rests initially upon the defendant to demonstrate how such delay has prejudiced

his case if such delay is not *prima facie* excessive.

*In Accord*, Syllabus Point 2, *Bess*.

■■■■ In the present case, the delay of twenty-three months between arrest and indictment is not presumptively prejudicial. *See Leonard supra* (holding a delay of eleven years is presumptively prejudicial); *Bess supra* (holding a delay of twenty months did not, by itself, require dismissal); *State v. Simmons*, 171 W.Va. 722, 301 S.E.2d 812 (1983) (holding a delay of seventeen months did not, by itself, require dismissal); *State v. Bennett*, 172 W.Va. 123, 304 S.E.2d 28 (1983) (holding a delay of seven months did not, by itself, require dismissal); *State v. Allman*, 177 W.Va. 365, 368, 352 S.E.2d 116, 119 (1986) (holding a delay of eleven months "was not so long as to be prima facie excessive"); *State v. Petrice*, 183 W.Va. 695, 700, 398 S.E.2d 521, 526 (1990) (refusing to dismiss the indictment because although the delay of two and one-half years is *prima facie* excessive, the State showed that the delay was not "a deliberate device to gain an advantage over" the defendant).

■■■■ Mr. Henderson argues that his case is prejudiced by the State's failure to prosecute the misdemeanor charge of driving under the influence causing bodily injury. By itself, the State's decision to prosecute Mr. Henderson for malicious wounding, a felony, rather than the misdemeanor, does not show an impairment of Mr. Henderson's ability to defend himself. Although Mr. Henderson may be correct in his assertion that the present charge is the State's attempt to compensate for its failure to appear and prosecute the driving under the influence charge, the assertion does not satisfy Mr. Henderson's burden of

**2.** Although Judge Hey is scheduled to preside at Mr. Henderson's trial, Mr. Henderson's motion to dismiss was heard and rejected by Judge Paul Zakaib.

**3.** The parties agree that the prohibition against double jeopardy does not apply because the driving under the influence case was dismissed before "the magistrate ... beg[a]n to hear evidence." Syllabus Point 4, in part, *Manning v. Inge*, 169 W.Va. 430, 288 S.E.2d 178 (1982).

The parties also agree that the delay between arrest and indictment did not violate Mr. Henderson's right to a speedy trial. The provisions of *W.Va.Code* 62–3–21 [1959], the "three term rule," do not apply because the delay occurred before Mr. Henderson's indictment and Mr. Henderson did not request an evidentiary hearing to present evidence on the factors outlined in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

demonstrating "the impact of the delay upon the defendant's ability to defend himself." Syllabus Point 2, *Leonard supra.* *See* Syllabus Point 2, *Hundley v. Ashworth,* 181 W.Va. 379, 382 S.E.2d 573 (1989) (requiring the dismissal of the indictment "if the defendant can prove that the State's delay in bringing the indictment was a deliberate device to gain an advantage over him *and that it caused him actual prejudice in presenting his defense* " (emphasis added)).

Because Mr. Henderson has not shown any impairment in his ability to defend himself, we find that the circuit court was correct in refusing to dismiss the charge against Mr. Henderson for malicious wounding.

Writ denied.