*559 OPINION OF THE COURT
Memorandum.
Judgment of conviction reversed on the law and facts and as a matter of discretion in the interest of justice, fine and surcharge remitted and simplified trafile information dismissed.
 In answer to the defendant’s assertion in his affidavit of errors that his constitutional right to a speedy trial had been violated, the return of the court merely asserted that the right to a speedy trial did not apply to a traffic infraction. This assertion is incorrect, since the constitutional right to a speedy trial applies to all prosecutions (People v Wertheimer, NYLJ, June 5, 1986, at 15, col 5 [App Term, 2d & 11th Jud Dists]). Although a constitutional speedy trial claim is not waived by a guilty plea, it must be asserted in the court below in order to preserve the issue for appellate review as a matter of law (People v Jordan, 62 NY2d 825; People v Blakely, 34 NY2d 311). In view of the failure of the return to give any factual data regarding defendant’s claim, it cannot be known for certain whether defendant made any motion to dismiss on this ground. Even it he did not, however, it is our opinion, in view of his pro se status, that the matter should be reviewed in the interests of justice (CPL 170.40; People v Williams, 151 AD2d 795, lv denied 76 NY2d 744; People v Walker, 141 AD2d 991, 992, lv denied 72 NY2d 962). In doing so, we conclude that an unexplained delay of over two years in bringing a simple traffic infraction to trial warrants dismissal (see, People v Taranovich, 37 NY2d 442).
DiPaola, P. J., Collins and Ingrassia, JJ., concur.