The People of the State of New York, Respondent, 
against
Delby Ortiz, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Steven J. Hornstein, J., at plea; William McGuire, J. at sentencing), rendered February 18, 2015, convicting him, upon a plea of guilty, of driving while intoxicated, and imposing sentence.




Per Curiam.
Judgment of conviction (Steven J. Hornstein, J., at plea; William McGuire, J. at sentencing), rendered February 18, 2015, reversed, on the law and as a matter of discretion in the interest of justice, and the accusatory instrument is dismissed.
Although defendant has not preserved his claim that he was denied his constitutional right to a speedy trial, we exercise our power to review it in the interest of justice (see People v Walker, 141 AD2d 991 [1998], lv denied 72 NY2d 962 [1988]). Examining the factors set forth in People v Taranovich, 37 NY2d 442, 445 (1975), we agree with defendant that he was deprived of his constitutional right to a speedy trial (see CPL 30.20). The 43-month delay between defendant's arrest and his plea of guilty was excessive (see People v Johnson, 38 NY2d 271 [1975]) and the People failed to establish good cause therefor (see People v Singer, 44 NY2d 241, 254 [1978]; People v DeJesus, 52 Misc 3d 138[A], 2016 NY Slip Op 51095[U] [App Term, 1st Dept 2016, lv denied 28 NY3d 1072 [2016]). The underlying Vehicle and Traffic Law § 1192 charges, though serious, are relatively simple, and this case did not require any unusual attention or complex preparation to ensure its prompt disposition. In the circumstances, dismissal is the appropriate remedy, despite the absence of any actual prejudice to defendant (see Taranovich, 37 NY2d at 446).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: March 29, 2017