# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**April 6, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 16-1209** (Wayne County 15-F-126)

**Herbert L. Shearer,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Herbert L. Shearer, by counsel Jason D. Parmer, appeals the order of the Circuit Court of Wayne County, entered on November 28, 2016, sentencing petitioner to incarceration for twelve months upon his conviction of the misdemeanor offense of battery, and ordering him to register as a sex offender based on the circuit court's finding that the battery was sexually motivated. Respondent State of West Virginia appears by counsel Robert L. Hogan.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

After having been tried in 2016 on an indictment charging first-degree sexual abuse, petitioner was found guilty by a jury of the lesser-included offense of battery. Petitioner's conviction was based on an incident wherein T.B., the daughter of his then-girlfriend, accused petitioner of isolating himself in a room with her, rubbing his hand over her vagina on the outside of her clothing, and asking whether she was prepared to have an orgasm. T.B., who was fourteen years old at the time of the incident, testified to these details. T.B.'s mother, now married to petitioner, testified that she left petitioner and T.B. alone in a room so that she could make coffee, but that petitioner did not close the door to the room, and that she, the mother, did not hear a disturbance in the brief time she was out of petitioner's and T.B.'s presence. Petitioner testified that, after T.B.'s mother left the room, he and T.B. had a disagreement concerning T.B.'s relationship with petitioner's son, and that T.B. attempted to block petitioner's exit from the room, whereupon petitioner physically moved T.B. from his path. Upon consideration of this evidence, the jury convicted petitioner of battery.[1] The State requested a determination by the circuit court that the battery was sexually motivated. The court so found, and it ordered petitioner to register as a sex offender pursuant to West Virginia Code § 15-12-2(c). The circuit court later suspended petitioner's incarceration and placed him on probation for three years.

---

[1] In addition to the testimony described herein, the State offered the testimony of the investigating officer and a counselor who interviewed T.B.

Petitioner asserts two assignments of error on appeal. First, he argues that the circuit court instructed the jury using an incorrect definition of battery. Second, he argues that the circuit court abused its discretion in finding that petitioner was sexually motivated to commit the battery.

We begin with petitioner's contention that the jury was incorrectly instructed. The question of whether a jury was properly instructed is a question of law, and our review is de novo. Syl. Pt. 1, *State v. Hinkle*, 200 W. Va. 280, 281, 489 S.E.2d 257, 258 (1996). Petitioner explains that the circuit court informed the jury: "Battery is committed when any person unlawfully, and intentionally, makes physical contact of an insulting, or provoking, nature with the person of another [or, *sic*] who unlawfully, and intentionally, causes physical harm to another person." At the time of the events giving rise to the indictment, however, our statute provided that "[a]ny person who unlawfully and intentionally makes physical contact with force capable of causing physical pain or injury to the person of another or unlawfully and intentionally causes physical pain or injury to another person . . . is guilty of a misdemeanor. . . ." W.Va. Code § 61-2-9(c) (2014). Petitioner asserts that the instruction "severe[ly]" prejudiced him.

In this instance, petitioner asks that we review his argument pursuant to the "plain error" doctrine, because he failed to object to the instruction when the circuit court gave it.[2] This Court has consistently held: "[t]o trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995); *see also* Syl. Pt. 2, *State v. White*, 231 W.Va. 270, 744 S.E.2d 668 (2013). However, we went on to explain in *White* that

> [u]nder the "plain error" doctrine, "waiver" of error must be distinguished from "forfeiture" of a right. A deviation from a rule of law is error unless there is a

---

[2] The State argues that the instruction is not reviewable because the error, if any, was "invited."

> "Invited error" is a cardinal rule of appellate review applied to a wide range of conduct. It is a branch of the doctrine of waiver which prevents a party from inducing an inappropriate or erroneous response and then later seeking to profit from that error. The idea of invited error is not to [legitimize the error] but to protect principles underlying notions of judicial economy and integrity by allocating appropriate responsibility for the inducement of error. Having induced an error, a party in a normal case may not at a later stage of the trial use the error to set aside its immediate and adverse consequences.

*State v. Crabtree*, 198 W.Va. 620, 627, 482 S.E.2d 605, 612 (1996). We disagree that there is evidence that petitioner invited error in this case. Nevertheless, invited error would not necessarily preclude review. The Court has, in "rare instances . . . used the plain error doctrine to review an error that was invited." *State v. Pullin*, 216 W.Va. 231, 234, 605 S.E.2d 803, 806 (2004)(citations omitted).

waiver. When there has been a knowing and intentional relinquishment or abandonment of a known right, there is no error and the inquiry as to the effect of a deviation from the rule of law need not be determined. By contrast, mere forfeiture of a right—the failure to make timely assertion of the right—does not extinguish the error. In such a circumstance, it is necessary to continue the inquiry and to determine whether the error is "plain."

231 W.Va. at 280, 744 S.E.2d at 678 *quoting Miller*, 194 W.Va. at 7, 459 S.E.2d at 117, syl. pt. 8. Upon review of the record below, it is clear that the petitioner knowingly and intentionally relinquished the right to have the jury instructed in the manner in which he now argues on appeal. Prior to charging the jury, the circuit court inquired of counsel:

| | |
|---|---|
| The court: | I have a charge to the jury that we actually used [in a prior trial of this case that resulted in a mistrial]. Have you all seen that? |
| [The State]: | Yes, sir. |
| The court: | Any objection from the State? |
| [The State]: | No, sir. |
| The court: | Any objection from the defense? |
| [Defense counsel]: | No. |

The circuit court further inquired:

| | |
|---|---|
| The court: | That's the elements instruction that is, instead of three separated instructions, is now combined into one. I read it; I think it is a correct statement of the law and probably flows better than reading three separate instructions. |
| [Defense counsel]: | More concise. |
| The court: | Yes. |
| [Defense counsel]: | Yes, sir. |
| The court: | Okay. So, these are the [e]lements. So, that's going to be State's Number 1, I think. I've read it.<br><br>Any objection from the defense? |
| [Defense counsel]: | No. |

It is apparent that petitioner reviewed the charge and assured the trial court that he was satisfied with its contents and had no objection. Therefore, petitioner knowingly and intentionally waived any right to have the jury differently instructed. Accordingly, the plain error doctrine does not apply.

We turn to the second assignment of error, wherein petitioner contends that the circuit court abused its discretion in finding that the battery was sexually motivated. We have explained the circuit court's responsibility: "'The evidentiary standard for a finding of "sexual motivation" pursuant to W.Va.Code § 15–12–2(c) (2001) is proof beyond a reasonable doubt, and a defendant must be given the opportunity to oppose and contest such a proposed finding with evidence and argument.' Syl. Pt. 2, *State v. Whalen*, 214 W.Va. 299, 588 S.E.2d 677 (2003)." Syl. Pt. 4, *State v. Seen*, 235 W. Va. 174, 772 S.E.2d 359, 361 (2015). With regard to our review of the circuit court's finding, we have held:

> "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *State v. Hinchman*, 214 W.Va. 624, 591 S.E.2d 182 (2003).

Syl. Pt. 1, *Seen*, 235 W.Va. at 174, 772 S.E.2d at 359. The circuit court's finding is not clearly erroneous. West Virginia Code § 15-12-2(c) places the responsibility for determining the sexual nature of criminal motivation squarely in the hands of the sentencing judge. T.B. testified that petitioner touched her genital area while asking if she was prepared to have an orgasm. It is apparent from the circuit court order that the sentencing judge credited T.B.'s testimony, which unequivocally establishes sexual motivation. The sentencing judge was in a position to assess witness testimony, as expressly contemplated by the statute, and we will not disturb the judgment on appeal.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 6, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

**DISSENTING:**

Justice Robin Jean Davis

4