# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**October 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 17-1068** (Berkeley County CC-02-2017-F-86)

**Kristina Marie Speiden,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Kristina Marie Speiden, by counsel B. Craig Manford, appeals the Circuit Court of Berkeley County's November 2, 2017, order sentencing her to consecutive sentences of two to ten years of incarceration for her conviction of driving under the influence ("DUI") causing bodily injury and two to five years for her conviction of third-offense DUI, in addition to a sentence of time served for several misdemeanor convictions. The State of West Virginia, by counsel Scott E. Johnson, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the court erred in expelling her from drug court and in sentencing her to sentences that are disproportionate to the offenses committed.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2016, petitioner caused a two-car accident after her vehicle crossed the center line and struck another vehicle head on. As a result of this accident, the driver of the other vehicle suffered severe injuries, including crushed ankles and a fractured tibia. During an investigation, evidence established that petitioner tested positive for opiates at the time of the accident.

In February of 2017, petitioner entered into a binding plea agreement whereby she would plead guilty, by information, to one count of DUI causing serious bodily injury, one count of third-offense DUI, one count of second-offense driving on a revoked license for DUI, one count of first-offense driving on a revoked license for DUI,[1] one count of possession of a controlled substance,[2] and one count of failure to maintain control of her vehicle. The agreement further

---

[1]This charge stemmed from a separate incident in June of 2016.

[2]This charge stemmed from a separate incident in November of 2015.

1

required the circuit court to defer adjudication of guilt on all offenses and permit petitioner to enter drug court pursuant to West Virginia Code § 62-15-4. In addition to other terms and conditions, the plea agreement provided that, should she be expelled from drug court, petitioner's case would be returned to the circuit court's jurisdiction where her guilty pleas would be accepted and sentences would be imposed. After the State filed its information, the circuit court held a plea hearing in March of 2017. Ultimately, the circuit court accepted petitioner's plea and sentence to drug court, per the terms and conditions set forth above.

Thereafter, petitioner received a "Notice of Intent to Discharge from Eastern Panhandle Adult Drug Court Program" indicating that the drug court treatment team recommended to the drug court that petitioner be discharged from the program. This recommendation was based upon allegations that petitioner tested positive for illicit substances on approximately sixteen occasions; was arrested in April of 2017 for permitting DUI; failed to pay her weekly minimum payment toward drug court fees; and lied to her probation officer and others about not having access to her vehicle and permitting a person to operate the vehicle while under the influence. In regard to the charge of permitting DUI, this charge arose when petitioner, admittedly under the influence herself, permitted a friend who was also under the influence to drive her vehicle. The two were found asleep in the vehicle on the side of the road.

In May of 2017, the drug court held a hearing on petitioner's expulsion and found that she "failed to refrain from the use of illegal drugs while admitted to the drug court program, . . . failed to make any payments toward her drug court fee and . . . incurred new charges." The drug court further found that petitioner failed to present herself for medical clearance to be admitted into a detoxification program. Ultimately, the drug court found that petitioner's failure to comply with the terms of drug court, "particularly in light of the charges incurred [while participating in drug court], convinces the court that [petitioner] presents an unacceptable risk to public safety in the adult treatment court model." As a result, petitioner was expelled from drug court.

In October of 2017, the circuit court held a sentencing hearing after receiving a presentence investigation report. Prior to the hearing, petitioner filed a motion for alternative sentencing in which she asserted that her prolonged history of addiction and recent acceptance into a long-term rehabilitation program mitigated against a sentence of incarceration. Petitioner also moved the circuit court to defer sentencing to allow her to be admitted to the rehabilitation program and, thereafter, order home incarceration following her successful completion of the nine-to-twelve-month program. During the hearing, petitioner further argued in favor of a mixed sentence of incarceration and home incarceration. Specifically, petitioner suggested that she serve several concurrent terms of one year of incarceration for three of the crimes to which she pled and then serve two concurrent terms of home incarceration for her remaining charges so she could attend rehabilitation. The State objected to petitioner's proposed sentencing scheme. The victim also testified to the extent of her injuries at the hearing, which will prevent her from running or jumping for the rest of her life and have left her in daily pain.

Ultimately, the circuit court sentenced petitioner to time served for her misdemeanor offenses but ordered that she serve consecutive sentences of two to ten years of incarceration for her conviction of DUI causing serious bodily injury and two to five years of incarceration for her conviction of third-offense DUI. It is from this order that petitioner appeals.

This Court has previously established the following standard of review:

> "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *State v. Hinchman*, 214 W.Va. 624, 591 S.E.2d 182 (2003).

Syl. Pt. 1, *State v. Seen*, 235 W.Va. 174, 772 S.E.2d 359 (2015). Moreover, West Virginia Code § 62-15-4(f) provides as follows:

> A drug court may impose reasonable sanctions on the drug offender, including incarceration for the underlying offense or expulsion from the program, pursuant to the written agreement, if it finds that the drug offender:
>
> (1) Is not performing satisfactorily in drug court;
>
> (2) Is not benefitting from education, treatment or rehabilitation;
>
> (3) Has engaged in conduct rendering him or her unsuitable for the program;
>
> (4) Has otherwise violated the terms and conditions of the agreement; or
>
> (5) Is for any reason unable to participate.

On appeal, petitioner argues that the drug court abused its discretion in expelling her because the evidence failed to show that she engaged in conduct rendering her unsuitable for the program. Specifically, petitioner takes issues with certain of the drug court's findings and argues that they are insufficient upon which to base her expulsion. We do not agree, as the record contains ample evidence upon which the drug court properly based its decision.

First, petitioner addresses the drug court's findings concerning her new criminal conduct and argues that it is an insufficient basis for her expulsion. According to the order on appeal, while participating in drug court, petitioner was charged with permitting DUI under West Virginia Code § 17C-5-2(h)[3] while she was also under the influence as a passenger in the vehicle. According to petitioner "[t]he [c]ourt acknowledged . . . that [she] had not actively engaged in criminal activity by being behind the wheel but that her conduct only enabled her friend . . . to commit a crime." She further argues that the drug court failed to consider the fact that she was under the influence before she permitted her friend to drive her vehicle while he was also under the influence and, therefore, "could not have been in a proper frame of mind to

---

[3]West Virginia Code § 17C-5-2(h) provides, in relevant part, that "[a]ny person who knowingly permits his or her vehicle to be driven in this state by any other person who is in an impaired state is guilty of a misdemeanor. . . ."

3

recognize . . . that [her friend] might be impaired himself" and should not have been operating a vehicle. These arguments misstate the record on appeal.

While the drug court acknowledged that petitioner was not the driver of the vehicle, there is nothing in the record to indicate that it found that she "had not engaged in criminal activity. . . ." On the contrary, the drug court recognized that petitioner was charged with "enabling [the] conduct" at issue, which, as noted above, constitutes a separate criminal offense under West Virginia Code § 17C-5-2(h). Further, the drug court acknowledged petitioner's own substance abuse at the time of the new charge and the impact it had on her knowledge of the facts by finding that petitioner "could not confirm or refute the facts of the police report generated as a result of her new charges due to her own intoxication." On appeal, petitioner argues that she could not be guilty of the crime of permitting DUI because she was too intoxicated to knowingly permit her friend to use the vehicle while he was intoxicated. This argument is not persuasive, however, in light of petitioner's own testimony that "she knew the vehicle's driver as a life-long friend, but that he was also an addict." In short, the drug court found that petitioner owned the car, had "the ultimate power over its use[,]" and was an occupant at the time of the new charges. As such, it is clear that the drug court did not err in relying on this evidence in expelling petitioner from drug court.

Petitioner also takes issue with the drug court's reliance on her failure to submit to a detoxification program as part of her treatment. According to petitioner, this treatment was not mandated by the drug court and "was the voluntary act of . . . [p]etitioner to try to combat her addictions. . . ." Petitioner argues that the drug court should not have considered this fact in reaching its decision because of the voluntary nature of the program and because of her "fear[] of detox and the pains of withdrawal. . . ." We note, however, that petitioner's argument misstates the record. While petitioner may be correct that her submission to the detoxification program was voluntary, she fails to acknowledge the drug court's finding that "everyone agreed she needed [to submit to the detoxification program] to move forward out of the persistent and unrelenting use of prohibited drugs." Given that petitioner acknowledged that "she was not being successful through more standard treatments[,]" it is clear that submitting to the detoxification program was even more important. As such, we find no error in the drug court's consideration of this factor in reaching its decision.

Similarly, we find no error in the drug court's ultimate decision to expel petitioner. As the drug court noted in its order, "the question presented . . . is not so much whether there are grounds to terminate" petitioner's participation in the drug court program, given that "[t]here is no serious dispute that [petitioner] cannot maintain sobriety in the program. . . ." Instead, the drug court recognized that it needed to decide what the appropriate course of action would be in response to petitioner's conduct. In reaching its determination, the drug court emphasized the fact that petitioner's new criminal conduct was incurred after her willful refusal to submit to the detoxification program. In short, the drug court found that her failure to proceed with a treatment plan resulted in her continued substance abuse and new criminal conduct. On appeal, petitioner argues that the drug court focused only on "the possible danger to the community" presented by petitioner's conduct and that of her friend, while asserting that "no such threat ever materialized" given that she and her friend "were simply asleep in her car which was found on the side of the road." This argument is not persuasive, especially given the fact that the underlying criminal

conduct for which petitioner was convicted involved serious injury to the passenger in a vehicle that petitioner struck while driving under the influence. That no additional injuries occurred in the course of this similar conduct did not preclude the drug court from finding that petitioner engaged in conduct making her unsuitable for drug court. In fact, the drug court specifically found that petitioner's failure to submit to detoxification in furtherance of her substance abuse treatment and subsequent criminal conduct "convince[d] the court that she present[ed] an unacceptable risk to public safety in the adult treatment court model." As such, we find no error in the drug court's decision to expel petitioner.

Finally, petitioner argues that her consecutive sentences, as opposed to alternative sentencing, for her felony convictions are disproportionate to the offenses for which she was convicted. We note, however, that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). On appeal, petitioner does not allege that the sentences imposed are beyond the applicable statutory limits. Indeed, the record shows that her sentences of two to ten years of incarceration for her conviction of DUI causing bodily injury and two to five years for her conviction of third-offense DUI are in compliance with the applicable statutes. *See* W.Va. Code § 17C-5-2(c) (directing that "[a]ny person who drives a vehicle in this state while he or she is in an impaired state and such impaired state proximately causes serious bodily injury to any person other than himself or herself . . . shall be imprisoned in a state correctional facility for not less than two nor more than ten years"); *id*. § 17C-5-2(m) (directing that "[a] person [committing DUI] for the third or any subsequent offense . . . shall be imprisoned in a state correctional facility for not less than two nor more than five years").

Petitioner does, however, allege that the circuit court based its sentence on an impermissible factor. Specifically, she alleges that her sentences were "only based upon the harm suffered to the victim and obviously not upon the facts and circumstances [germane] to . . . [p]etitioner." Petitioner further alleges that she never had the benefit of long-term substance abuse treatment, and that the circuit court, in imposing its sentence, "could not hear [her cry for help] given the injuries to the victim." We note, however, that petitioner's argument is without a basis in the record. Petitioner does not dispute the fact that, prior to sentencing, the circuit court received a presentence investigation report that contained detailed information relevant to her case, including an extensive history of her substance abuse and attendant issues. Moreover, in imposing sentence, the circuit court clearly found that it "consider[ed] the pre-sentence report, medical expenses, [and] criminal history" among other factors. As such, there is simply no merit to petitioner's argument that the circuit court considered only the victim's injuries or otherwise based her sentence on an impermissible factor. Accordingly, we find that petitioner's sentence is not subject to review and she is entitled to no relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 19, 2018

5

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.