# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 17-1049** (Lewis County 15-M-AP-2)

**Jennifer Ruth Leeson,**
**Defendant Below, Petitioner**

**FILED**

**October 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Pro se petitioner Jennifer Ruth Leeson appeals the Circuit Court of Lewis County's October 23, 2017, order imposing total fines of $300, plus court costs, following her conviction of one count of speeding and one count of driving a vehicle without an operator's license. The State of West Virginia, by counsel Benjamin F. Yancey III, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court lacked jurisdiction to proceed on the charges, denied her a fair trial, and falsified the record. Petitioner further alleges that the State failed to satisfy its burden of proof against her.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2014, Deputy Chadwick Moneypenny of the Lewis County Sheriff's Department observed petitioner operating a vehicle at thirty-eight miles per hour in an area with a posted speed limit of twenty-five miles per hour. After initiating a traffic stop, petitioner provided Deputy Moneypenny with her vehicle registration and proof of insurance, but informed him that she did not have a driver's license due to her religious beliefs. After confirming that petitioner did not have a valid driver's license, Deputy Moneypenny issued her a traffic citation that charged her with speeding and driving without a valid license.

Petitioner challenged the charges, and the matter proceeded to a bench trial in August of 2014 in magistrate court. Following the trial, the magistrate found petitioner guilty of both charges and fined her a total of $300, plus court costs.

Petitioner then appealed to the circuit court, and the matter proceeded to a second bench trial in May of 2016. On January 11, 2017, prior to the entry of the final order on appeal, the circuit court entered an order that indicated that "having come before the Court on [petitioner's]

1

motion to dismiss . . . , it is hereby ORDERED granting [sic] [petitioner's] motion to dismiss with prejudice."

Thereafter, in October of 2017, the circuit court entered an "Order Clarifying Order of January 11, 2017." In this order, the circuit court indicated that in January of 2017, it "was informed that [petitioner] wished to dismiss her petition for appeal." The circuit court went on to find, however, that "the order prepared by [petitioner] dismissed the case with prejudice." As such, the circuit court indicated that "it has become necessary to clarify that the Court's Order on [petitioner's] request to dismiss her petition for appeal did not dismiss her appeal. Instead, the order inadvertently dismissed the case against [petitioner]." According to the circuit court, it was awaiting a proposed order from the prosecutor finding petitioner guilty of the charges at issue following the bench trial. In the interim, petitioner "moved for a dismissal of her appeal." Given that the circuit court "determined either dismissing the appeal or entering a trial order would have the same effect[,] [t]he Court chose to utilize [petitioner's] proposed order granting what [petitioner] referred to as a 'motion to dismiss.'" The circuit court's rationale was that the entry of either order would result in the same outcome, given that dismissal would allow "[t]he Magistrate Court conviction [to] stand due to [petitioner] dismissing/withdrawing her petition for appeal." Ultimately, the "Order Clarifying Order of January 11, 2017" ordered that the January 11, 2017, order dismissing the appeal, with prejudice, was "HERBY DECLARED NULL AND VOID."

That same month, the circuit court entered its "Order From Bench Trial" that found petitioner guilty of both charges. Further, the circuit court imposed the same fines and court costs as below. It is from the circuit court's order following the bench trial that petitioner appeals.

This Court has previously established the following standard of review:

> "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *State v. Hinchman*, 214 W.Va. 624, 591 S.E.2d 182 (2003).

Syl. Pt. 1, *State v. Seen*, 235 W.Va. 174, 772 S.E.2d 359 (2015). Upon our review, we find no error in the proceedings below.

First, the circuit court clearly had jurisdiction to proceed on the charges against petitioner. On appeal to this Court, petitioner appears to argue that the circuit court erred in proceeding to trial because it did not require the State to provide evidence of jurisdiction. According to petitioner, the State was simply allowed to presume that "the laws of the plaintiff state applied to [her] just because [she was] physically in West Virginia." This argument is entirely without merit. "[A]ny court authorized by the [state] Constitution, or a statute enacted pursuant thereto, to hear and determine a case involving a criminal act has jurisdiction thereof." *Willis v. O'Brien*, 151 W.Va. 628, 630-31, 153 S.E.2d 178, 180 (1967). Moreover, this Court has long recognized that "[u]nder the Constitution and laws of this state, a crime can be prosecuted

2

and punished only in the state and county where the alleged offense was committed." Syl. Pt. 2, *State v. McAllister*, 65 W.Va. 97, 63 S.E. 758 (1909). Here, it is uncontroverted that petitioner committed the crimes in question in Lewis County, West Virginia. Accordingly, there is no question that the Circuit Court of Lewis County had jurisdiction to proceed to a bench trial on these charges. Contrary to petitioner's arguments on appeal, these facts were not presumed but, rather, established through testimony at trial.

Next, petitioner argues that the circuit court denied her a fair trial "and assisted the prosecution by refusing to hold them to their burden of proof." Petitioner further argues that the circuit court "assumed the prosecution's burden, refused to presume [her] innocence, held prosecution arguments as irrefutable, denied [her] effective cross-examination, [and] allowed a prosecution witness to testify knowing the witness lacked personal knowledge." We find, however, that any arguments regarding impropriety by the circuit court, including allegations that it aided the State in its prosecution, refused to hold the State to the applicable burden of proof, or otherwise failed to presume petitioner's innocence, are without any support in the record. In fact, the record clearly shows that petitioner was informed that she had "a right to a fair and meaningful hearing" on the charges, that the State had the burden of proof necessary to support a conviction, and that she was presumed innocent of all charges. In support of her petition for appeal, petitioner fails to cite to any portion of the record that would support her claims in this regard.

As to her allegations concerning her alleged lack of effective cross-examination, we similarly find no error. According to petitioner, Deputy Moneypenny "testified the laws apply to [her] and [she] violated them." In response to this testimony, petitioner sought to question Deputy Moneypenny as to whether he, "on [his] own, decide[d] that the statutes and the laws of West Virginia applied to [her.]" At this point, the State objected to the question, and the circuit court sustained the same on the grounds that petitioner's question asked for a legal opinion. According to petitioner, the circuit court's refusal to permit her to ask this question denied her the right to effectively cross-examine the witness. However, we find no error, as petitioner clearly sought an inappropriate legal conclusion from the witness. "A trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard." Syl. Pt. 4, *State v. Rodoussakis*, 204 W.Va. 58, 511 S.E.2d 469 (1998). Here, the question was entirely unnecessary, given the uncontroverted evidence that petitioner violated the laws of the State while in Lewis County. "Evidence is relevant if: it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." W.Va. R. Evid. 401. As such, questioning the arresting officer as to his determination of whether the laws of the State applied to petitioner was unnecessary.

Further, petitioner's argument concerning the witness's lack of personal knowledge is also without merit. In support of this argument, petitioner asserts that she attempted to attack Deputy Moneypenny's competency and credibility to determine that "the laws apply to [her] and [she] violated them." According to petitioner, Deputy Moneypenny had no personal knowledge of these facts and, therefore, the prosecutor engaged in misconduct by arguing "without evidence and competent witness[.]" Again, the record is clear that petitioner violated the laws of this State while in Lewis County, West Virginia. Deputy Moneypenny testified to these facts and indicated

3

that he personally observed petitioner exceeding the speed limit and then confirmed that she lacked a valid license. This testimony shows direct, personal knowledge of petitioner's crimes on the witness's part. Accordingly, we find no misconduct on the part of the prosecution in presenting this witness.[1]

We similarly find no merit to petitioner's argument that the evidence against her was insufficient to support her convictions. This argument also appears to be predicated on petitioner's assertion that the laws of West Virginia do not apply to her, which, as established above, has absolutely no basis. Simply put, Deputy Moneypenny's testimony established that petitioner exceeded the posted speed limit and petitioner admitted that she did not have a valid driver's license. As such, we find that the evidence was sufficient to support petitioner's convictions.

Finally, petitioner argues that the circuit court "falsified the record" by entering an order clarifying its January 11, 2017, order granting her motion to dismiss, with prejudice. According to petitioner, the circuit court's assertion that she wished to dismiss her appeal "could [not] be further from the truth. . . ." Petitioner argues that she did not move the circuit court to dismiss her appeal and the docket sheet does not reflect any such motion. She argues that she did, however, file a "motion to strike/dismiss complaint and request for full finding of fact and conclusions of law." Petitioner argues that the circuit court's claim that she requested the appeal be dismissed "is absolutely false. . . ." As such, petitioner argues that she should be entitled to dismissal of the case against her, with prejudice. We do not agree.

Regardless of whether petitioner sought to dismiss her appeal or dismiss the complaint against her, the record is extremely clear that the circuit court believed it was entering a proposed order, prepared by petitioner, that dismissed her appeal and, thus, permitted her underlying magistrate court sentence to stand. However, the circuit court later noted that the proposed order "did not dismiss [petitioner's] appeal. Instead, the order *inadvertently* dismissed the case against [petitioner]." (Emphasis added). As a result, the circuit court voided the January 11, 2017, order granting petitioner's motion to dismiss before entering its own order following the bench trial to convict petitioner of the charges against her. The circuit court clearly erred in dismissing the case against petitioner, as the evidence overwhelmingly established that she violated the laws in question. Therefore, we find that this corrected order did not "falsify the record" as petitioner alleges, but instead remedied a mistake in the outcome of the proceedings. Accordingly, petitioner is entitled to no relief.

For the foregoing reasons, we affirm.

Affirmed.

---

[1]Petitioner also alleges that the State committed a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), because it failed to disclose that the witness lacked personal knowledge. Given our analysis above, it is clear that the State did not commit a *Brady* violation in regard to this witness.

4

**ISSUED:** October 19, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.